**Silianoff v. Dzierski**

C.P. of Allegheny County, no. GD 93-20020.

*David J. Abrams,* for plaintiff.
*Robert W. Deer,* for defendants Dzierski and National Car Rental.
*Paul J. Walsh,* for defendants Rebecca & Elmer Long.

FRIEDMAN, *J.,* April 12, 1995—Defendant National Car Rental has filed a motion for summary judgment.* This case arose from an accident which took place April 18, 1992, in which defendant Dzierski was operating a vehicle leased to him by National. Plaintiff was a passenger in the Dzierski vehicle. The only count of the first amended complaint which pertains to National is Count II, in which plaintiff claims that National negligently entrusted the vehicle to Dzierski and that National was directly negligent in failing "to inspect and secure the mechanical and safe operation of" the vehicle before entrusting it to Dzierski. We must grant

---

*The cover page of the motion states that it is filed on behalf of both defendant National Car Rental and defendant Daniel Dzierski. However, the content of the motion reveals that it is as to National only.

National's motion as to the negligent entrustment claim and must also grant its motion as to the direct negligence claim.

## THE CONTENTIONS OF THE PARTIES

Plaintiff's specific allegations against National are contained in paragraph 20 and its subparagraphs in the first amended complaint, and include claims that National failed to adequately determine if Dzierski was competent to operate the vehicle, that National failed to adequately instruct Dzierski in the use of the vehicle, that it allowed Dzierski to operate the vehicle when it knew or should have known that he may not have been able to operate it safely, that it failed to prevent Dzierski from operating the vehicle in a negligent manner, that National entrusted it to him when it knew or should have known that his use of the vehicle would expose the public to serious injury, and that National failed to inspect the vehicle in advance of entrusting it to Dzierski.

National's motion for summary judgment is based upon the argument that plaintiff has produced no evidence in support of her contention that National knew or had reason to know or should have taken steps to learn, at the time of entrustment, that Dzierski was incapable of operating the vehicle properly or that he was likely to drive it improperly. National also argues that there is no evidence brought forward by plaintiff showing that the vehicle was not in working order at the time of entrustment, much less that National should have known of such a thing. In support of its motion, National cites plaintiff's deposition, in which she stated that in the five or six times during her acquaintance with Dzierski when he had rented cars, he had no difficulty driving or understanding how to operate the

vehicles. (Silianoff deposition, pp. 77-78.) Plaintiff also stated in her deposition that, on the occasion of the accident, she did not recall that Dzierski had any difficulty shifting the car from park to drive, putting the vehicle into an operating mode from a stationary mode, or having any difficulty at all operating the vehicle other than the accident itself. (Silianoff deposition, pp. 78-79.)

Also in support of its motion, National provided an excerpt from its training manual stating the qualifications which a customer must meet before renting a car. (National's brief in support of motion for summary judgment, exhibit A.) The qualifications include a valid driver's license, "age" (not further specified in the exhibit) and physical ability to drive.

National further supports its motion with Dzierski's affidavit, in which he states that at the time he rented the vehicle, he had a current, valid driver's license, that the desk clerk requested his driver's license when he applied for the rental, that he was 33 years old at the time, and that he was physically able to drive the car and that he was not afflicted with intoxication, drug use, extreme emotional state or permanent or temporary physical handicap at any time relevant to the rental of the vehicle. Dzierski also states that he did not experience any mechanical problems with the vehicle at any time during the rental. (Affidavit of Daniel Dzierski, National's brief in support of motion for summary judgment, exhibit B.) Lastly, National provides a copy of the repair records before and after the accident which do not suggest that the car had any problem with its acceleration.

On the other hand, we have plaintiff's supporting documentation in opposition to the motion for summary judgment which includes portions of her own deposition, in which she stated:

"Q. Do you recall any malfunction or difficulty with the car any time up to the time when the accident happened?

"A. Accelerating. It seemed like when you accelerated it was overaccelerating. It wasn't smooth transition.

"Q. Did Dan [Dzierski] appear to be having any difficulty controlling that at any time?

"A. Not up until the accident. ...

"Q. When did you first notice what you believed to be an unusual acceleration of the vehicle?

"A. When we were on our way back after making the wrong turn back on the Parkway East, having to turn around and go back it just seemed like it was a lot of noticeable accelerating being done. It was very noticeable. It just wasn't smooth.

"Q. Do you know whether it was the vehicle that was doing that or Dan's foot on the gas pedal that was doing that?

"A. I couldn't tell because I wasn't driving. If it was the car, maybe the car had too much power. Or if it was the driver that couldn't make the transition to too much power in the car." (Deposition of Sandra Silianoff, pp. 81-82.)

Plaintiff's documentation against the motion also includes an excerpt from answers to interrogatories submitted by Dzierski, in which he stated, in response to a question asking whether he had ever been charged with any violation of any motor vehicle traffic laws or ordinances:

"Defendant Dzierski recalls having several speeding tickets when he was 16 or 17 years old. However, he cannot recall the specifics of same. In any event he possessed a PA driver's license at that time." (Answer to interrogatories and response to request for production

of documents submitted by Daniel Dzierski and National Car Rental, question 49.)

Plaintiffs also submit what purports to be the invoice for National's purchase of the vehicle in question, stamped "Received March 5, 1992," and a document entitled "National Car Rental Repair Order," also dated March 5, 1992, containing the handwritten notations "new car prep," "state inspection," "emission test," "brakes" and "tires." (The accident took place on April 18, 1992.) Plaintiff has brought no other evidence to the court's attention to support her claims against National.

## DISCUSSION

Although all of the claims against National are contained in Count II of the amended complaint, they actually break down into two types of negligence: negligent entrustment of the car to Dzierski, and negligence in failing to "inspect and secure the mechanical and safe operation" of the car. As has been said, judgment must be granted as to both.

Regarding the negligent entrustment claim, there has been no evidence submitted which controverts National's contentions that it had no reason to know that Dzierski was likely to use the car in a manner involving a risk of unreasonable harm. Although plaintiff does submit Dzierski's answer to interrogatories stating that he had several speeding tickets approximately 15 years earlier, the existence of those very old speeding tickets, without more, would not be sufficient for a jury to conclude that Dzierski was likely to operate the vehicle improperly, or that National was negligent both in failing to discover the tickets and in permitting Dzierski to rent its car.

We must also grant summary judgment against plaintiff on her claim that National was negligent in failing to "inspect and secure the mechanical and safe operation" of the car. Plaintiff instituted this lawsuit in December 1993 based on an accident that occurred on April 18, 1992. There has been ample time and opportunity to find evidence of mechanical failure and plaintiff has come up with nothing. The most she can say is this was a brand new car. Plaintiff's allegations are unsupported by any evidence and it would be improper to require defendant National to defend against mere conjecture.

National's motion for summary judgment must be granted. See accompanying order.

### ORDER

And now, to-wit, April 12, 1995, it is hereby ordered that the motion for summary judgment filed by defendant National Car Rental (erroneously titled as a motion for summary judgment filed on behalf of both defendant National Car Rental and defendant Daniel Dzierski) is granted in favor of defendant National Car Rental, only.